UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIT E. HAYES,<br><br>        Petitioner,<br><br>v.<br><br>PAUL COPENHAUER,<br><br>        Respondent. | 1:012-cv-01105 MJS HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE OF EARLIER FILED PETITION |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge. Local Rule 305(b).

On July 9, 2012, Petitioner filed two federal petitions for writ of habeas corpus in this Court. This petition has been assigned case number "1:12-cv-01105 MJS HC," and is currently pending before the Court. Petitioner contends that the United States Supreme Court decision in Carachuri-Rosendo v. Holder, ___ U.S. ___, 130 S.Ct. 2577 (2010) applies retroactively to his criminal case thereby rendering him actually innocent of sentencing enhancements imposed pursuant to 21 U.S.C. § 851.

On the same day, July 9, 2012, Petitioner filed a second federal petition for writ of

habeas corpus in this Court. This petition has been assigned case number "1:12-cv-01113 GSA HC." This petition also asserts that Carachuri-Rosendo applies retroactively to his sentencing enhancements.[1] The petition was dismissed in a reasoned decision on August 7, 2012.

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

In assessing whether a second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties or privies to the action, are the same. Adams, 487 F.3d at 689. First, the court must examine whether the causes of action in the two suits are identical pursuant to the transaction test, developed in the context of claim preclusion. Id. Second, the court determines whether the defendants are the same or in privity. Privity includes an array of relationships which fit under the title of "virtual representation." Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005). "The necessary elements of virtual representation are an identity of interests and adequate representation." Adams, 487 F.3d at 691 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship include a close relationship, substantial participation, and tactical maneuvering." Id.

A plaintiff is required to bring at one time all of the claims against a party or privies relating to the same transaction or event. Adams, 487 F.3d at 693. The court has discretion to dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a

---

[1] It appears that Petitioner may have only intended to file one petition. Petitioner submitted the instant petition on the standard 28 U.S.C. § 2241 form. The second petition was titled as a memorandum of law in support of the petition, and likely was intended to accompany the form petition.

single cause of action and litigating piecemeal the issues which could have been resolved in one action." Adams, 487 F.3d at 694.

In the present case, the instant petition challenges the same issues already adjudicated by the court in case number "1:12-cv-01113 GSA HC." Accordingly, the instant petition must be dismissed as duplicative.

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus be DISMISSED;
2. The Clerk of Court be directed to terminate this action; and
3. The court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (in order to obtain a COA, petitioner must show: (1) that jurists of reason would find it debatable whether the petition stated a valid claim of a denial of a constitutional right; and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, the Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed for failure to state a cognizable claim for federal habeas corpus relief under 28 U.S.C. § 2254. Petitioner has not made the required substantial showing of the denial of a constitutional right.

IT IS SO ORDERED.

Dated:     September 6, 2012                    /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE